IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | |
| v. ) | 1:14cr131 (JCC) |
| ) | |
| ROGER MINA CUERO, ) | |
| ) | |
| Defendant. ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Roger Mina Cuero's ("Defendant" or "Cuero") Motion *in Limine* to Exclude 404(b) Evidence at Trial ("Motion *in Limine*").  [Dkt. 18.]  The Court heard oral argument on this motion on June 12, 2014.  At oral argument, the Court granted Defendant's Motion as to the alleged violent offenses of a co-conspirator and took the remaining issues under advisement.  For the following reasons, the Court will grant in part and deny in part Defendant's Motion.

### I.   Background

On April 14, 2014, a federal grand jury returned a three count indictment charging Defendant with the following offenses: (1) conspiracy to commit interstate transportation of stolen property in violation of 18 U.S.C. § 371; (2) interstate transportation of stolen property in violation of 18 U.S.C. §§

2314, 2; (3) illegal reentry after removal in violation of U.S.C. §§ 1326(a) and (b)(1). Defendant was also provided with a notice of forfeiture pursuant to Federal Rules of Criminal Procedure, Rule 32.2(a). The indictment charges that Defendant and his co-conspirators knowingly agreed to transport cash, jewelry and other items stolen during residential burglaries in Virginia and Maryland to other locations in Texas and Colombia. (Indictment at 2 [Dkt. 13].)

In advance of the jury trial, on May 19, 2014, Defendant filed his motion *in limine*. [Dkt. 18.] The Government filed its opposition on June 5, 2014. [Dkt. 21.] As a general matter, the Government asserts that this motion is premature because pursuant to the joint discovery order the United States agreed that, no later than seven calendar days before trial it would provide notice, in accordance with Rule 404(b), of the general nature of any evidence of other crimes, wrongs or acts of defendant which it intends to introduce at trial. [Dkt. 17.]

Defendant's motion is now before the Court.

## II.  Standard of Review

All relevant evidence is admissible unless there are constitutional, statutory, and rule-based exceptions preventing its admission. *See* Fed. R. Evid. 402. Rule 401 of the Federal Rules of Evidence defines evidence as "relevant" if "(a) it has

any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Consequently, what constitutes "relevant evidence" depends on the facts of the case, the nature of the claims, and the associated defenses to the claims. Federal Rule of Evidence 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

      The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41. A district court's rulings on the admissibility of evidence are reviewed for abuse of discretion. *See United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006).

### III. Analysis

      Defendant asks the Court to order the exclusion of the following four categories or pieces of evidence: (1) information

3

and evidence concerning Defendant's use of a false name in the application and lease of an apartment in Ellicott City, Maryland; (2) the alleged violent offenses of an alleged co-conspirator known as Neftali Perea-Zuniga ("Perea-Zuniga"); (3) affidavits of law enforcement officers in Maryland listing burglaries and items lost by the victims of those crimes, some of which occurred eight months before Defendant allegedly joined the conspiracy; (4) affidavits of Maryland law enforcement concerning stolen weapons. (Mot. at 3.) Defendant argues that this evidence is not relevant or necessary to prove the charges against him. He further contends that the probative value of this evidence does not outweigh the prejudice or confusion that would result from its admission. (Mot. at 3.)

The Court will address each piece of evidence in turn.

### A. False Name on Lease Application

Defendant moves to exclude evidence of his use of a false name in the application and lease of an apartment located at West Spring Drive in Ellicott City, Maryland. (Mot. at 2.) Defendant argues that his use of a false name for the purposes of securing this apartment has no bearing on the offenses charged. (*Id.*) The government argues that this evidence establishes, *inter alia*, Defendant's knowing involvement in the scheme to burglarize homes and transport stolen property. (Gov't Opp'n at 2.) The Government contends that use of a false

4

name reveals Defendant's active participation in the scheme and is one of the overt acts of the conspiracy included in the indictment. (*Id.*)

Rule 404(b) of the Federal Rules of Evidence provides that:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident.

Fed. R. Evid. 404(b). In the Fourth Circuit, prior act evidence becomes admissible under Rules 404(b) and 403 if it meets the following four criteria:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997).

Rule 404(b), however, "applies only to limits on the admission of other acts extrinsic to the one charged." *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996). Acts intrinsic to the alleged crime do not fall within Rule 404(b)'s limitations. The Fourth Circuit has stated that uncharged conduct is not "other crimes" evidence subject to Rule 404 if the uncharged conduct "arose out of the same series of transactions as the charged offense or if evidence of the uncharged conduct is necessary to complete the story of the crime on trial." *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008) (citations and brackets omitted); *see also Chin*, 83 F.3d at 88 ("[o]ther criminal acts are intrinsic where they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." (internal quotation marks omitted)).

Put another way, evidence that is intrinsic to the charged offense "either because it is (i) inextricably intertwined with the charged crime or (ii) direct proof of the crime charged, is ordinary admissible. *United States v. Smallwood*, 306 F. Supp. 2d 582, 587 (E.D. Va. 2004) (internal quotation marks omitted). "In a conspiracy case, such as this one, the overt acts of the conspiracy charged in the indictment are common examples of the second type of intrinsic evidence." *Id.*

Defendant's alleged use of a false name in the application and lease of an apartment in Ellicott City, Maryland is admissible as direct proof of the crime charged. Defendant is charged with using a false name and identification to lease an apartment used as a temporary residence while committing burglaries in Maryland and Virginia. This is an overt act of the conspiracy. Evidence of Defendant's use of the false name goes to his active involvement in the conspiracy. Likewise, as the Government notes, the apartment allegedly contained fruits and instrumentalities of the scheme. (Gov't Opp'n at 3.) Evidence concerning the false name in which the apartment was rented is relevant to showing Defendant's connection to the fruits of the scheme and providing a full factual context to the search of the apartment. Thus, the use of a false name to rent this particular apartment is relevant to Count I, the burglary conspiracy offense.

Defendant further argues that this evidence would tend to "subordinate reason for emotion in the fact-finding process" and should therefore be excluded pursuant to Rule 403. *United States v. Johnson*, 617 F.3d 286, 296-97 (4th Cir. 2010). The probative value of this evidence is not substantially outweighed by the possibility of unfair prejudice. Fed. R. Evid. 403. This evidence does not present a "genuine risk that the emotions of a jury will be excited to irrational behavior" or that "this

7

risk is disproportionate to the probative value of the offered evidence." *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008).

>    B.    <u>Alleged Offenses of Co-Conspirator</u>

Defendant argues that Perea-Zuniga's alleged violent offense, not connected with the charges in the indictment, should be excluded.  The Government indicates that this "violent offense" refers to a burglary in which Perea-Zuniga allegedly assaulted and tied-up homeowners.  (Gov't Opp'n at 3.)

At the oral argument held on June 12, 2014, the Court granted Defendant's motion concerning Perea-Zuniga's reported offense for the reasons that follow.  Evidence relating to the alleged violent acts of a co-conspirator – unrelated to the charged conduct – would reflect adversely on Defendant's character without providing any probative value.  As Defendant notes, evidence of Perea-Zungia's alleged violent offense fails under the four prong test set forth by the Fourth Circuit in *United States v. Queen*.  *See Queen*, 132 F.3d at 997.

Evidence of Perea-Zuniga's alleged use of violence in a burglary not connected with the instant alleged conspiracy is not relevant to an element of the offense, not probative of an essential claim or element of the offense, and the probative value of this evidence does not outweigh the potential for confusion or unfair prejudice to Defendant.  *Id.* at 997.

8

Instead, this evidence would be advanced only to suggest Defendant's bad character due to his close association with Perea-Zuniga or to impermissibly suggest that Defendant's role in the burglary conspiracy was also marked by violence. *Id.* at 995 ("The principal danger that Rule 404(b) targets is addressed by the language of the rule itself – that defendants not be conflicted simply for possessing bad character.").

Indeed, in this case, the other violent acts are of an alleged co-conspirator, not Defendant himself. Thus, in addition to having little probative value, the danger of unfair prejudice to Defendant and confusion that would stem from the admission of such evidence of an alleged co-conspirator necessitates its exclusion. For these reasons, the Court granted Defendant's motion as to Perea-Zuniga's alleged violent offense.

    C.    <u>Affidavits of Law Enforcement</u>

Defendant asks that the Court exclude evidence of certain burglaries listed in affidavits of Maryland law enforcement. Specifically, Defendant seeks to exclude evidence relating to: (1) a list of burglaries and the items lost by victims of such crimes, some of which occurred prior to November 15, 2012, the date listed in the indictment as the start of the conspiracy; and (2) stolen weapons. At oral argument, the Government represented that it seeks to introduce evidence of 17

9

burglaries where a cell phone used by Defendant was at the location of the residence burgled, representing a timeframe from November 2012 to Defendant's arrest in March 2013. This is the same timeframe as the conspiracy charged in the indictment. The Government asserted that evidence relating to these 17 residential burglaries would show the value of the goods in interstate transportation; having a value of $5,000 or more is an element of the offense of interstate transportation of stolen property. Additionally, the Government argued that these burglaries are a natural part of the story of the criminal episode.

The Court agrees that evidence of these 17 burglaries is relevant to "complete the story of the crime on trial." *Kennedy*, 32 F.3d at 885. Defendant is charged with conspiracy to commit interstate transportation of stolen property and interstate transportation of stolen property. These burglaries were allegedly committed by Defendant and his co-conspirators as part of this scheme. Evidence connecting Defendant to these 17 burglaries goes to Defendant's knowledge that the items had been stolen, as well as the value of these items. Additionally, the Court agrees with the Government that evidence that weapons were stolen in these burglaries is also intrinsically related to the charged conspiracy. Evidence relating to stolen weapons is not unfairly prejudicial under Rule 403. As the Fourth Circuit has

stated, "[u]nfair prejudice does not include within its purview the damage done to a defendant's case which arises from the legitimate probative force of the evidence." *United States v. Heater*, 63 F.3d 311, 321 (4th Cir. 1995) (internal quotation marks omitted). Accordingly, Defendant's motion is denied as to the 17 burglaries that occurred between November 2012 and March 2013 and any items, including weapons, stolen during these burglaries.

## IV. Conclusion

For the foregoing reasons, the Court will deny in part and grant in part Defendant's Motion *in Limine*.

|  |  |
|---|---|
| June 18, 2014<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |